LATHAM & WATKINS LLP
Michael H. Rubin (CA Bar No. 214636)
  michael.rubin@lw.com
Melanie M. Blunschi (CA Bar No. 234264)
  melanie.blunschi@lw.com
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: +1.415.391.0600
Facsimile: +1.415.395.8095

*Attorneys for Defendant Accellion, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| JONATHAN FARIDIAN and CAMERON WOODS, individually, and on behalf of a class of similarly situated persons, <br><br> Plaintiffs, <br><br> v. <br><br> ACCELLION, INC., and DOES 1-50, inclusive, <br><br> Defendants. | Case No. 5:21-cv-6462 <br><br> **DEFENDANT ACCELLION, INC.'S NOTICE OF REMOVAL** |

**TO THE CLERK OF THE ABOVE-TITLED COURT AND TO PLAINTIFFS JONATHAN FARIDIAN AND CAMERON WOOD AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant Accellion, Inc. ("Accellion") hereby removes the above-captioned action—with reservation of all defenses and rights—from the Superior Court of California for the County of Santa Clara to the United States District Court for the Northern District of California. The grounds for removal are as follows:

**I.   REMOVAL IS TIMELY**

1. On July 9, 2021, Plaintiffs Jonathan Faridian and Cameron Woods ("Plaintiffs") filed a complaint ("Complaint"), individually and on behalf of a putative class, against Accellion, Inc. ("Accellion") and 50 unidentified individuals, in the Superior Court of California for the County of Santa Clara ("Superior Court"). The action is captioned *Jonathan Faridian & Cameron Woods v. Accellion, Inc. & Does 1 to 50 Inclusive*, Case No. 21-CV384150.

2. Accellion received notice of this pleading on July 22, 2021, when Plaintiffs' counsel sent Accellion's counsel copies of the Complaint, summons, complex case designation, and a waiver of service form. Accellion's counsel executed the waiver of service on July 27, 2021. True and correct copies of these documents are attached hereto as Exhibits 1–6. A true and correct copy of the Superior Court docket sheet is attached hereto as Exhibit 9.

3. This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is being filed within 30 days of waiver of service. *See generally Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

**II.   SUMMARY OF PLAINTIFFS' ALLEGATIONS**

4. Plaintiffs' claims arise out of criminal hacking attacks occurring in December 2020 and January 2021 on customers that used Accellion's file transfer appliance ("FTA") software (the "Attacks"). Plaintiffs allege that the University of California Davis ("UC Davis") used Accellion's FTA software and was among the Accellion customers targeted in the Attacks. *See* Compl. ¶¶ 2, 15. Plaintiffs allege they "were employees of," and "entrusted" their personally identifiable information ("PII") to, UC Davis, that their "PII was accessed and compromised as a result of" the

1  Attacks, and that they have been injured by the alleged unauthorized disclosure of such
2  information. Compl. ¶¶ 6, 14.

3      5.     Plaintiffs state that they are citizens of California who reside in Sacramento County,
4  and they purport to bring this action "on their own behalf and on behalf of a class of individuals
5  pursuant to [Cal. Code Civ. Proc. §] 382" to represent the following putative class: "[a]ll
6  individuals, residing in California, whose PII was accessed or otherwise compromised in the
7  [Attack], which, according to the Notice of Data Breach provided to Plaintiffs and the Class
8  Members, occurred at some point on or about December 24, 2020." Compl. ¶¶ 6, 36. While
9  Plaintiffs assert that "the exact number of Class Members is unknown," they claim that "the
10 number of Class Members is in the hundreds, if not thousands." Compl. ¶ 37.

11      6.     The Complaint asserts claims against Accellion for (i) negligence; (ii) violation of
12 California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200; (iii) violation of
13 the California Consumer Privacy Act ("CCPA"), Cal. Civ. Code § 1798.150, *et seq.*; and (iv) third-
14 party beneficiary breach of contract. Compl. ¶¶ 45–85.

15 **III.    PROCEDURAL BACKGROUND**

16      7.     Plaintiffs filed this action on July 9, 2021. On July 12, 2021, the case was deemed
17 complex and assigned to the Honorable Sunil R. Kulkarni, and a Case Management Conference
18 was set for November 4, 2021. *See* Ex. 4. In accordance with the complex case order, Accellion
19 made a limited appearance in the Superior Court on August 12, 2021, to pay required complex
20 case fees and allow for preparation of the required service list. Ex. 7.

21      8.     There have been no further proceedings in this action in the Superior Court.

22      9.     Numerous other putative class action complaints relating to the Attacks have been
23 filed in the Northern District of California against Accellion and certain affected FTA customers.
24 The first of those cases, *Brown v. Accellion, Inc.*, Case No. 21-cv-01155-EJD (N.D. Cal.), was
25 filed on February 17, 2021, and since that time at least 14 additional actions have been filed in or
26 removed to this District. *See Zebelman v. Accellion*, No. 21-cv-01203-EJD (N.D. Cal.) (filed Feb.
27 18, 2021); *Rodriguez v. Accellion*, No. 21-cv-01272-EJD (N.D. Cal.) (filed Feb. 22, 2021); *Fehlen*
28 *v. Accellion, Inc.,* 21-cv-01353-EJD (N.D. Cal.) (filed Feb. 24, 2021); *Price v. Accellion, Inc.*,

No. 21-cv-01430-EJD (N.D. Cal.) (filed Feb. 26, 2021); *Bolton v. Accellion, Inc.*, No. 21-cv-01645-EJD (N.D. Cal.) (filed Mar. 8, 2021); *Whittaker v. Accellion, Inc.*, No. 21-cv-01708-EJD (N.D. Cal.) (filed Mar. 11, 2021); *Cochran v. The Kroger Co. and Accellion, Inc.*, No. 21-cv-01887-EJD (N.D. Cal.) (filed Mar. 17, 2021); *Beyer v. Flagstar Bancorp., Inc. and Accellion, Inc.*, No. 21-cv-02239-EJD (N.D. Cal.) (filed Mar. 30, 2021); *Sharp v. Accellion, Inc.*, No. 21-cv-02525-EJD (N.D. Cal.) (filed Apr. 7, 2021); *Pollard v. Accellion, Inc. and Flagstar Bancorp, Inc.*, No. 21-cv-02572-EJD (N.D. Cal.) (filed Apr. 8, 2021); *Doe v. Health Net of California, Inc., Health Net, LLC, Accellion, Inc.*, No. 21-cv-02975-EJD (N.D. Cal.) (filed Apr. 23, 2021); *Harbour v. California Health & Wellness Plan, et. al.*, No. 21-cv-03322-EJD (N.D. Cal.) (filed May 4, 2021), *Vunisa v. Health Net LLC, et. al.*, No. 5:21-cv-03425-EJD (N.D. Cal.) (removed May 7, 2021); *Desjardins v. Accellion, Inc.*, 5:21-cv-04743-EJD (N.D. Cal.) (filed June 22, 2021).[1]

10. All 15 of these actions have been deemed related and are pending before the Honorable Edward J. Davila. *See Brown*, No. 5:21-cv-01155-EJD, at Dkt Nos. 11, 18, 19, 29, 33, 43, 51, 56, 65. Judge Davila has taken under submission a Motion to Consolidate the cases pending in this District. *Id.*, at Dkt. 37.

11. There are also multiple actions pending in other United States District Courts relating to the Attacks, which name only FTA customers but not Accellion as defendants. *See Jones v. The Kroger Co.*, No. 1:21-cv-00146 (S.D. Ohio) (filed Mar. 3, 2021); *Govaert v. The Kroger Co.*, No. 1:21-cv-00174 (S.D. Ohio) (filed Mar. 3, 2021); *Doty v. The Kroger Co.*, No. 1:21-cv-00198 (S.D. Ohio) (filed Mar. 23, 2021); *Abrams v. The Kroger Co.*, No. 1:21-cv-00198 (S.D. Ohio) (filed Apr. 7, 2021); *Buck v. The Kroger Co.*, No. 1:21-cv-00279 (S.D. Ohio) (filed Apr. 19, 2021); *Angus v. Flagstar Bank FSB*, No. 2:21-cv-10657 (E.D. Mich.) (filed Mar. 25, 2021); *Garcia v. Flagstar Bank FSB*, No. 2:21-cv-10671 (filed Mar. 26, 2021); *Burdick v. Flagstar Bank, FSB*, No. 2:21-cv-10786 (E.D. Mich.) (filed Apr. 7, 2021); *Hawkins v. Flagstar Bank*, No. 2:21-cv-11165 (E.D. Mich.) (filed May 19, 2021).

---

[1] There is also one action against Accellion pending in federal court outside of the Northern District of California. *See McFarland v. Accellion*, No. 3:21-cv-03115-SEM-TSH (C.D. Ill.) (removed May 20, 2021). Accellion has moved to transfer *McFarland* to the Northern District of California pursuant to 28 U.S.C. § 1404(a), and that motion remains pending. *Id.*, Dkt. 10.

### IV. THIS COURT HAS ORIGINAL DIVERSITY JURISDICTION OVER THE REMOVED ACTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT

12. Removal is proper pursuant to 28 U.S.C. §§ 1441 and 1453 because this Court has original diversity jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).

13. CAFA applies "to any class action before or after the entry of a class certification order by the court with respect to that action." 28 U.S.C. § 1332(d)(8). This action is a putative "class action" under CAFA because it is brought under California Code of Civil Procedure § 382, and accordingly, it is a "civil action filed under . . . [a] State statute or rule . . . authorizing an action to be brought by 1 or more representative persons as a class action." *See* 28 U.S.C. § 1332(d)(1)(B); *see also* Compl. ¶¶ 13, 36.[2]

14. CAFA extends a federal district court's original diversity jurisdiction to any civil action styled as a class action in which: (1) "the number of members of all proposed plaintiff classes in the aggregate" is 100 or more; (2) "the matter in controversy" reached by aggregating all the individual putative class members' claims "exceeds the sum or value of $5,000,000, exclusive of interests and costs"; and (3) "any member of a class of plaintiffs is a citizen of a State different from any defendant" or "any member of a class of plaintiffs is . . . a citizen or subject of a foreign state and any defendant is a citizen of a State" (*i.e.*, minimal diversity is satisfied). 28 U.S.C. § 1332(d)(2), (d)(5)(B), (d)(6).

15. A notice of removal "need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014); *see also Janis v. Health Net, Inc.*, 472 F. App'x 533, 534 (9th Cir. 2012) ("Nothing in 28 U.S.C. § 1446 requires a removing defendant to attach evidence of the federal court's jurisdiction to its notice of removal."). Accellion need only provide "a short and plain statement of the grounds for removal," 28 U.S.C. § 1446(a), that contains "plausible allegation[s]" that the jurisdictional requirements of CAFA are satisfied.

---

[2] By filing this Notice of Removal, Accellion does not concede and expressly denies that Plaintiffs' alleged claims and putative class may be certified for class treatment pursuant to Federal Rule of Civil Procedure 23.

*See Dart Cherokee*, 574 U.S. at 87, 89; *Vasquez v. Blue Cross of Cal.*, No. CV 15-02055 BRO, 2015 WL 12552058, at *2 (C.D. Cal. Apr. 17, 2015) ("[T]he short and plain statement language from § 1446(a) applies to the entire notice of removal, and therefore would apply equally to all CAFA allegations[.]" (internal quotation marks and citation omitted)).[3]

16. Therefore, while Accellion denies any liability as to Plaintiffs' individual claims and as to the claims of the putative class members, and Accellion expressly reserves all of its rights—including, but not limited to, its right to file motions challenging the pleadings—each of the jurisdictional requirements of CAFA is satisfied here.

### A. The Putative Class Exceeds 100 Members

17. First, the Complaint meets CAFA's requirement that the putative class exceed 100 class members. *See* 28 U.S.C. § 1332(d)(5)(B). Plaintiffs' putative class is described broadly as "[a]ll individuals, residing in California, whose PII was accessed or otherwise compromised in" the Attacks. Compl. ¶ 36. Plaintiffs allege that "the number of Class Members is in the hundreds, if not thousands." *Id.* ¶ 37.

18. Based on these allegations alone, CAFA's requirement that the putative class exceed 100 members is satisfied. *See, e.g.*, *Rush v. Nutrex Res., Inc.*, No. C 12-01060 LB, 2012 WL 2196144, at *3 (N.D. Cal. June 13, 2012) (finding CAFA jurisdiction proper where plaintiff alleged "hundreds to thousands of putative class members"); *Feinberg v. Azoogleads, US, Inc.*, No. C 09-02314 JW, 2009 WL 10695726, at *2 n.3 (N.D. Cal. Nov. 3, 2009) ("CAFA's class-size requirement is satisfied because the Complaint alleges that the class is estimated to have thousands of individuals and other entities.").

### B. The Amount in Controversy Exceeds $5,000,000

19. Second, while Accellion does not concede and expressly denies that Plaintiffs or members of the putative class are entitled to the damages sought in this action, for jurisdictional purposes CAFA's amount in controversy requirement is satisfied. *See, e.g.*, *Greene v. Harley-*

---

[3] Accellion reserves the right to provide evidence in support of jurisdiction should Plaintiffs move for remand. *See Dart Cherokee*, 574 U.S. at 88 (emphasizing that if, after removal, the plaintiff contests that CAFA's jurisdictional requirements are satisfied, then "both sides submit proof and the court decides, by a preponderance of the evidence").

*Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020) ("[T]he amount in controversy is the 'amount *at stake* in the underlying litigation' . . . [it] does not mean likely or probable liability; rather, it refers to possible liability." (citation omitted)); *see also Lewis v. Verizon Commc'ns. Inc.*, 627 F.3d 395, 400 (9th Cir. 2010); *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe." (citations omitted)). In assessing the amount in controversy, the Court "assume[s] that the allegations of the complaint are true and assume[s] that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012) (internal quotation marks and citation omitted). "Among other items, the amount in controversy [pursuant to CAFA] includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018). Applying these precepts, Plaintiffs' allegations here establish that the amount in controversy exceeds $5,000,000 in aggregate for the entire putative class, exclusive of costs and interest, as required by CAFA. *See* 28 U.S.C. § 1332(d)(6).

20. Plaintiffs' demand plainly exceeds CAFA's $5,000,000 jurisdictional threshold. To begin, Plaintiffs' prayer for relief includes requests for damages under the CCPA, which permits recovery of up to $750 per consumer per incident. *See* Compl. ¶¶ 25, 67, 73 (quoting Cal. Civ. Code § 1798.150(a)(1)).[4] Plaintiffs also claim they are entitled to actual damages for negligence and third-party beneficiary breach of contract, as well as restitution under the California UCL. Compl. ¶¶ 53, 65, 85. Plaintiffs' prayer for relief also includes requests that the Court order Accellion to, *inter alia*, provide funds for credit monitoring services for the putative class, and implement unspecified data security measures to protect class members' PII. Compl. at 19–20. Given that Plaintiffs allege that there are hundreds, if not thousands, of putative class members, the amount in controversy based on Plaintiffs' demand easily exceeds CAFA's $5,000,0000 threshold.

---

[4] Plaintiffs sent Accellion a demand letter stating their intent to seek statutory damages under the CCPA, which Accellion received on July 12, 2021 and responded to on August 11, 2021.

21. Again, Accellion denies any and all liability and contends that Plaintiffs' allegations are entirely without merit. However, for purposes of this Notice of Removal, taking Plaintiffs' factual allegations as true and legal allegations as viable, the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and satisfies CAFA's amount in controversy requirement. *See* 28 U.S.C. § 1332(d)(2).[5]

### C.   Minimal Diversity Exists

22. Finally, minimal diversity exists. Removal pursuant to CAFA requires only minimal diversity, meaning, as relevant here, that the named plaintiffs or "any member" of the putative class "is a citizen of a State different from any defendant" or the named plaintiffs or "any member" of the putative class is "a citizen or subject of a foreign state and any defendant is a citizen of a State." 28 U.S.C. § 1332(d)(2); *see also Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1276 (9th Cir. 2017) ("Under CAFA there is sufficient diversity to establish federal diversity jurisdiction so long as one class member has citizenship diverse from that of one defendant.").

23. The Complaint identifies Accellion's citizenship as follows: "Accellion is an entity doing business in California with its principal place of business located at 1804 Embarcadero Road, Suite 200, Palo Alto, CA." Compl. ¶ 7.[6]

24. Although Plaintiffs assert that, at all relevant times "Plaintiffs were citizens of California, residing in Sacramento County," Compl. ¶ 6, they seek to represent a class of individuals "residing in California." *Id.* ¶ 36.

25. Plaintiffs' Complaint does not specify the state of citizenship of the putative class members, and instead purports to represent a class of California "resid[ents]." *Id.* Thus, putative class members could be citizens of any state or nation as long as they reside in California or otherwise meet Plaintiffs' putative class definition. *See, e.g., King v. Great Am. Chicken Corp., Inc.*, 903 F.3d 875, 879 (9th Cir. 2018) ("A person's state of citizenship is established by domicile,

---

[5] Accellion reserves the right to substantiate these examples with additional evidence and to establish that other aspects of Plaintiffs' claims, damages theories, and prayer for relief also establish that an excess of $5,000,000 is in controversy, should Plaintiffs challenge this removal in a motion to remand.

[6] Although Plaintiffs have not included it in their Complaint, Accellion notes that it is incorporated in Delaware.

not simply residence, and a residential address in California does not guarantee that the person's legal domicile [is] in California."); *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 884 (9th Cir. 2013) ("That a [putative class member] may have a residential address in California does not mean that person is a citizen of California."); *Garza v. Brinderson Constructors, Inc.*, 178 F. Supp. 3d 906, 916–17 (N.D. Cal. 2016) (same).

26. Therefore, Accellion submits that at least one putative class member has diverse citizenship from Accellion—which, for jurisdictional purposes, is a citizen of California and Delaware. *See* 28 U.S.C. § 1332(d)(2).[7] Indeed, the entity Plaintiffs allege was breached in the Attacks—UC Davis—is a large public university serving undergraduate and graduate students, making it highly likely that a large number of putative class members are residents, but not *citizens* of California. *See, e.g.*, *King*, 903 F.3d at 879 (setting forth example of out-of-state student attending college in California, who might have a temporary residential address in California, and emphasizing that "a residential address in California does not guarantee that the person's legal domicile [is] in California" for purposes of diversity jurisdiction).

27. Accordingly, CAFA's minimal diversity requirement is satisfied.

\*   \*   \*

28. For the foregoing reasons, each of CAFA's three requirements—100 or more putative class members, a greater than $5,000,000 amount in controversy, and minimal diversity—are satisfied, and this action is properly removed under CAFA.

## V.  THIS COURT IS THE PROPER VENUE

29. Removal to this judicial district is proper under 28 U.S.C. § 1441(a) because it embraces the place where Plaintiffs filed the action: Santa Clara County, California. *See* 28 U.S.C. § 84(a).

---

[7] Of note, although the Complaint names Doe Defendants 1 through 50, *see* Compl. ¶ 8, "in diversity cases, 'the citizenship of defendants sued under fictitious names shall be disregarded.'" *Tanious v. Gattoni*, No. 20-cv-08595-JSW, 2021 WL 1325798, at \*4 (N.D. Cal. Apr. 8, 2021) (quoting 28 U.S.C. § 1441(b)(1)).

## VI. ALL PROCEDURAL REQUIREMENTS ARE SATISFIED

30. **All Process, Pleadings, and Orders Are Attached Hereto.** Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Accellion in this action are attached hereto. *See* Exhibits 1–9.

31. **Notice is Being Provided Forthwith.** Pursuant to 28 U.S.C. § 1446(d), upon filing this Notice of Removal, the undersigned will promptly give written notice of such filing to Plaintiffs through their counsel of record, and file a true and correct copy of this Notice of Removal and all documents attached hereto with the Clerk of the Superior Court of California for the County of Santa Clara.

**WHEREFORE** Accellion hereby removes the above-captioned action from the Superior Court of California for the County of Santa Clara and requests that further proceedings be conducted in this Court as provided by law.

DATED: August 20, 2021

LATHAM & WATKINS LLP

By: */s/Michael H. Rubin*
   Michael H. Rubin (CA Bar No. 214636)
   michael.rubin@lw.com
   Melanie M. Blunschi (CA Bar No. 234264)
   melanie.blunschi@lw.com
   505 Montgomery Street, Suite 2000
   San Francisco, California 94111-6538
   Telephone: +1.415.391.0600
   Facsimile: +1.415.395.8095

*Attorneys for Defendant Accellion, Inc.*